(No. 35837.—

CHARLES E. HOSSACK, Assessor, Appellant, *vs.* THE KANE COUNTY BOARD OF REVIEW *et al.,* Appellees.

*Opinion filed December 1, 1960.*

HEMPSTEAD, REDMAN, SHEARER & GORECKI, of St. Charles, (RICHARD D. SHEARER, of counsel,) for appellant.

JOHN C. FRIEDLAND, State's Attorney, and ROBERT W. QUALEY, Assistant State's Attorney, both of Geneva, for appellees.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

Charles E. Hossack, the assessor of St. Charles Township, in Kane County, filed a petition for a writ of *mandamus* against the County Board of Review and its individual members. The petition alleged that the multipliers which the Board had used to equalize the assessed valuations of property in the county had produced hundreds of inequities within St. Charles Township, and that they did not compensate for the failure of the other assessors in other assessment districts in the county to do their work properly. The petition prayed for an order directing the board to review the assessments of all township assessors in the county and to equalize them uniformly. The circuit court dismissed the petition on the defendants' motion, and the plaintiff appeals directly to this court, because the matter relates to the revenue. Ill. Rev. Stat. 1959, chap. 110, par. 75(1); see, e.g., *People ex rel. Jones* v. *Webb,* 256 Ill. 364.

Many issues that were raised by the defendants' motion and are suggested by the record need not be discussed, because the complaint fails to allege facts upon which relief can be granted.

The allegations of the petition are difficult to follow. In so far as it relates to assessments within St. Charles Township, it alleges that, pursuant to instructions received from the Kane County supervisor of assessments, the plaintiff entered on the assessment rolls valuations representing 66⅔ per cent of the full, fair cash value of all properties in St. Charles Township; that the board of review reduced the assessment of all city property and all lots by a multiplier of .7500 and of all unsubdivided lands by a multiplier of .7914; that the .7500 multiplier reduces the valuations of city property and lots to 50 per cent of full, fair cash value, while the .7914 multiplier reduces the valuations of lands to 53 per cent; and that this action by the Board created hundreds of inequities. The plaintiff does not object to

the reduction of the assessments; his complaint is that the Board made a smaller reduction in the case of lands than in the case of lots and city property.

Nothing is alleged to support the plaintiff's apparent conviction that his valuation was correct, and the Board's was not. By statute the Board is required to equalize the assessments returned by the plaintiff and other township assessors. (Ill. Rev. Stat. 1959, chap. 120, pars. 589(5), 589.1.) And when required for proper equalization, a board of review may classify real property into lots and lands, and may apply a different multiplier to each class. (*People ex rel. Lunn* v. *Chicago Title and Trust Co.* 409 Ill. 505.) If any presumption is to be indulged, it should operate in favor of the judgment of the Board. There is no showing that the action of the Board was not the result of its honest judgment, and the dimensions of the difference of opinion here does not suggest constructive fraud. Cf. *People ex rel. Tennyson* v. *Texas Co.* 406 Ill. 120; *People ex rel. Paschen* v. *Morrison Hotel Corp.* 9 Ill.2d 187.

The petition also attacks the action of the Board in equalizing assessments between the various townships in the county on the ground that the equalization did not "compensate for the failure of the assessors to properly assess the property within their assessment districts." It alleges that twelve named townships "have not been properly assessed." Apparently in support of this broad assertion, the petition cites Elgin township as a specific example. It is alleged that land in Elgin Township within School District U-46 is assessed at $125-$166 per acre while abutting land in the same school district in St. Charles Township is assessed at $185 per acre; lands in Hanover Township and also in the school district are alleged to have been assessed at $185 per acre.

The petition shows that the assessed valuation alleged for Hanover Township is the valuation reached by the Board after equalization, but it does not state whether the

valuations for the other townships are equalized or unequalized. For this reason alone, the comparisons of valuations between Elgin Township and the other townships, which the petition attempts, are without meaning. In addition, the valuation for Hanover Township lands in the school district is alleged to be an average and it appears that the value assigned to St. Charles lands abutting Elgin Township lands may also be an average figure. No useful comparison may be made between the average valuations of land in a township, and specific valuations of particular pieces of property in another township. Furthermore, except for the fact that some of the properties are contiguous, nothing is alleged to show that the actual values of the properties are comparable. Consequently, nothing is alleged which shows that property in Elgin Township is assessed at a lower percentage of its fair cash value than is property in other townships. The alleged differences in assessed valuation may result as well from differences in value as from discrimination in valuation.

We therefore conclude that the circuit court of Kane County properly held that the petition does not state grounds upon which relief can be granted. Cf. *People ex rel. Tennyson* v. *Texas Co.* 406 Ill. 120.

*Judgment affirmed.*